FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRYAN D.[1]<br><br>               Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>               Defendant. | No:  1:21-cv-03111-LRS<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 10, 11.  This matter was submitted for consideration without oral

---

[1] The court identifies a plaintiff in a social security case only by the first name and last initial in order to protect privacy.  *See* LCivR 5.2(c).

ORDER - 1

argument.  Plaintiff is represented by attorney D. James Tree.  Defendant is represented by Special Assistant United States Attorney Jeffrey E. Staples.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 10, is granted and Defendant's Motion, ECF No. 11, is denied.

## JURISDICTION

Plaintiff Bryan D. (Plaintiff), filed for disability insurance benefits (DIB) on June 9, 2011, with an amended alleged onset date of October 6, 2009.  Tr. 46, 184-90, 504.  Benefits were denied initially, Tr. 97-99, and upon reconsideration, Tr. 103-07.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on September 24, 2014.  Tr. 40-70.  On October 3, 2014, the ALJ issued an unfavorable decision, Tr. 11-26.  On March 4, 2016, the Appeals Council denied review.  Tr. 1-6.  Plaintiff appealed to the U.S. District Court for the Eastern District of Washington, and on June 30, 2017, the Honorable Fred Van Sickle issued an order remanding the case for further proceedings.  Tr. 380-94.

The ALJ issued a second unfavorable decision on December 13, 2018.  Tr. 342-55.  Plaintiff again appealed to the U.S. District Court for the Eastern District of Washington, and Magistrate Judge John T. Rodgers issued an order remanding the case for further proceedings.  Tr. 525-40.  After another hearing on May 27, 2021, Tr. 495-520, a different ALJ issued a third unfavorable decision on June 24, 2021.  Tr. 443-65.  The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

**BACKGROUND**

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1959 and was 50 years old at the time of his alleged onset date.  Tr. 48, 500.  He went to school through the ninth grade.  Tr. 48, 505.  He has work experience as a carpenter, driving a forklift in a warehouse, doing building maintenance, and loading railroad cars and semi-trucks.  Tr. 49-50, 505.  He first injured his back during the early 2000s while changing a light bulb.  Tr. 505.

Plaintiff testified that during the relevant period, he could not work due to his back pain.  Tr. 54.  He could not lift, walk around, or sit too long.  Tr. 54.  His back would spasm and he would sometimes have to lie down for the rest of the day.  Tr. 56, 508.  Sometimes he would have radiating pain and weakness in his right leg.  Tr. 512-13.  He could recline but not sit for more than an hour.  Tr. 54.  At that time, he needed to recline for six hours a day.  Tr. 57.  He also testified that he could not sit in a regular desk chair.  Tr. 509.  He could not have lifted 20 pounds repeatedly.  Tr. 510.  He took medication for pain and attended one session of physical therapy.  Tr. 54-55.  He could not afford to go to the doctor because he did not have insurance.  Tr. 55, 506.

1

## STANDARD OF REVIEW

2       A district court's review of a final decision of the Commissioner of Social

3   Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

4   limited; the Commissioner's decision will be disturbed "only if it is not supported by

5   substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158

6   (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable

7   mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and

8   citation omitted).  Stated differently, substantial evidence equates to "more than a

9   mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).

10  In determining whether the standard has been satisfied, a reviewing court must

11  consider the entire record as a whole rather than searching for supporting evidence in

12  isolation.  *Id.*

13      In reviewing a denial of benefits, a district court may not substitute its

14  judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156

15  (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

16  rational interpretation, [the court] must uphold the ALJ's findings if they are

17  supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674

18  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's

19  decision on account of an error that is harmless."  *Id*.  An error is harmless "where it

20  is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115

21  (quotation and citation omitted).  The party appealing the ALJ's decision generally

ORDER - 4

bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from

ORDER - 5

1    "any impairment or combination of impairments which significantly limits [his or

2    her] physical or mental ability to do basic work activities," the analysis proceeds to

3    step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy

4    this severity threshold, however, the Commissioner must find that the claimant is not

5    disabled.  20 C.F.R. § 404.1520(c).

6        At step three, the Commissioner compares the claimant's impairment to

7    severe impairments recognized by the Commissioner to be so severe as to preclude a

8    person from engaging in substantial gainful activity.  20 C.F.R. §

9    404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the

10   enumerated impairments, the Commissioner must find the claimant disabled and

11   award benefits.  20 C.F.R. § 404.1520(d).

12       If the severity of the claimant's impairment does not meet or exceed the

13   severity of the enumerated impairments, the Commissioner must assess the

14   claimant's "residual functional capacity."  Residual functional capacity (RFC),

15   defined generally as the claimant's ability to perform physical and mental work

16   activities on a sustained basis despite his or her limitations, 20 C.F.R. §

17   404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

18       At step four, the Commissioner considers whether, in view of the claimant's

19   RFC, the claimant is capable of performing work that he or she has performed in the

20   past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable

21   of performing past relevant work, the Commissioner must find that the claimant is

not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of October 2, 2009,[2] through his date last insured of December 31, 2010.  Tr. 449.  At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: lumbar spine degenerative disc disease with spondylosis, and chronic pain.  Tr. 449. At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  Tr. 451.

The ALJ then found that, through the date last insured, Plaintiff had the residual functional capacity to perform light work with the following additional limitations: "he could never crawl or climb ladders, ropes, or scaffolds.  The claimant could occasionally climb ramps and stairs, stoop, kneel, and crouch.  He could tolerate occasional exposure to extreme cold and vibration.  He could tolerate no exposure to hazards such as unprotected heights and moving mechanical machinery."  Tr. 451-52.

At step four, the ALJ found that through the date last insured, Plaintiff was unable to perform any past relevant work.  Tr. 457.  At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience,

---

[2] The alleged onset date was amended to October 6, 2009, the day after a prior nondisability determination.  Tr. 417.

ORDER - 8

and residual functional capacity, the ALJ found there were other jobs that exist in significant numbers in the national economy that Plaintiff could have performed such as small product assembler, office helper, or electronics worker.  Tr. 458. Thus, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from October 2, 2009, the alleged onset date, through December 31, 2010, the date last insured.  Tr. 459.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II of the Social Security Act.  ECF No. 10. Plaintiff raises the following issues for review:

1.   Whether the ALJ properly considered Plaintiff's symptom testimony;

2.   Whether the ALJ properly considered the medical opinion evidence; and

3.   Whether the ALJ properly considered the lay witness statements.

ECF No. 10 at 1.

## DISCUSSION

### A.    Law of the Case

Defendant argues the law of the case limits the issues before the Court.  ECF No. 11 at 1-4.  The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case.  *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)).  The rule of

ORDER - 9

mandate is similar, but provides that a district court which has received a mandate from an appellate court cannot vary or examine the mandate except to execute it. *Stacy*, 825 F.3d at 567 (citing *Hall*, 697 F.3d at 1067).  The district court may, however, "decide anything not foreclosed by the mandate."  *Stacy*, 825 F.3d at 567 (quoting *Hall*, 697 F.3d at 1067).  A district court may also reexamine any issue on remand that is not inconsistent with a mandate.  *Stacy,* 825 F.3d at 568.  The law of the case doctrine and the rule of mandate both apply in the social security context. *Id.* at 567.  Defendant asserts that Plaintiff's arguments that the ALJ erred in evaluating his testimony and the medical opinion of Harlan Halma, M.D., are precluded as those arguments have been previously decided in prior remand orders, and that the law of the case applies.  ECF No. 11 at 2.

Defendant misinterprets the earlier rulings of the Court.  It is true that in 2017, the Court stated the previous ALJ "was entitled to discount Dr. Halma's opinions and [Plaintiff]'s testimony, at least to some extent."  Tr. 390.  According to Defendant, the 2020 Court "already held that the law of the case applies here," "reaffirmed" the earlier holding that the ALJ could discount Dr. Halma's opinions and Plaintiff's testimony "to some extent."  ECF No. 11 at 2-3 (citing Tr. 535, 537).

In 2020, the Court actually discussed the law of the case and the rule of mandate to show the ALJ's incorrect application of the rule of mandate and his incorrect citation of the 2017 Court's order.  Tr. 537.  In fact, the 2020 Court stated that, "the [2017] court did not unquestionably affirm the ALJ's rejection of Dr.

Halma and Plaintiff's subjective reports." Tr. 537. The 2020 Court noted that while

it was "somewhat unclear" what portion of the ALJ's analysis the 2017 Court found

to be deficient, "the intent for the ALJ to reexamine the rationale was clear." Tr.

537. It is apparent that neither the 2017 Court nor the 2020 Court affirmed the first

ALJ's findings regarding the rejection of Dr. Halma's opinion and Plaintiff's

testimony and both Courts indicated that reanalysis of the evidence was required.

Additionally, the 2020 Court specifically declined to address the ALJ's

consideration of Plaintiff's testimony and the medical evidence because "the matter

is being remanded for full reconsideration of the entire record and reevaluation of all

findings." Tr. 538-39. This Court concludes that a "reevaluation of all findings"

means exactly that: all findings were to be reevaluated by the ALJ and are therefore

now subject to the review of the Court. The 2021 ALJ decision which is now before

this Court complies with the instruction of the 2020 Court and contains a

reconsideration of the record and reevaluation of the findings at each step of the

sequential evaluation. Tr. 446-59. The ALJ's decision does not invoke the law of

the case or the law of mandate, which is appropriate given the prior orders of the

Court.

Plaintiff raises an additional issue on reply: because Defendant argued the

law of the case applies, Defendant did not address the substance of Plaintiff's

challenge to the ALJ's evaluation of Dr. Halma's opinion and Plaintiff's testimony.

ORDER - 11

ECF No. 12 at 4.  Plaintiff argues that Defendant waived any argument and that Plaintiff's testimony should be credited as a matter of law.  ECF No. 12 at 4.

It is not this Court's role to identify potential arguments for the Defendant, and the Court would be justified in finding that the ALJ erred on the issues raised and that the Defendant has waived any argument.  *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (issue not raised in opening appellate brief deemed waived); *Wilcox v. Commissioner*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1998) ("[a]rguments not addressed in a brief are deemed abandoned"); *see also Justice v. Rockwell Collins. Inc.*, 117 F.Supp.3d 1119, 1134 (D. Or. 2015), aff'd, 720 F. App'x 365 (9th Cir. 2017) ("if a party fails to counter an argument that the opposing party makes ... the court may treat that argument as conceded") (citation and internal quotations and brackets omitted).

However, a court generally has discretion to consider even a waived argument.  *See In re Hanford Nuclear Res. Lit.*, 534 F.3d 986, 1007 (9th Cir. 2008) (exercising discretion to review waived claim); *Brass v. Cnty. of Los Angeles*, 328 F.3d 1192, 1197 (9th Cir. 2003) (explaining that the decision whether to review waived issues "lies within the discretion of the district court").  It is the Court's role to review the ALJ's decision for a lack of substantial evidence or for legal error.  *Hill*, 698 F.3d at 1158.  This can be done notwithstanding the Defendant's failure to discuss certain issues.  Given the totality of the circumstances, the Court exercises discretion to review the ALJ's findings and Plaintiff's assignment of err.

ORDER - 12

**B.      The Record**

Plaintiff must establish disability during the relevant period between the alleged amended onset date of October 6, 2009, and December 31, 2010, the date last insured.  There is a prior nondisability decision dated October 5, 2009.  Tr. 87-96.  There is a limited record in this case.  During the relevant period from October 6, 2009, to December 31, 2010, there is only one medical record from an office visit to Harlan Halma, M.D, in August 2010.  Tr. 277-78.  Before the alleged onset date, there are only two medical records, an April 2006 record from Dr. Halma, Tr. 954, who referred Plaintiff to a neurosurgeon, and a July 2006 record from Perry E. Camp, M.D., a neurosurgeon.  Tr. 899-922.  Those records were considered in the prior October 2009 administratively final nondisability decision finding Plaintiff could perform medium work.  Tr. 454.  After the date last insured, there is one treatment note from Dr. Halma in June 2011, Tr. 278, an opinion from Dr. Halma in February 2012, Tr. 284-86, and other medical records and opinions dated 2012 and later.

**C.      Symptom Testimony**

Plaintiff contends the ALJ improperly rejected his symptom testimony.  ECF No. 10 at 4-10.  An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other

1    symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).

2    "The claimant is not required to show that [his] impairment could reasonably be

3    expected to cause the severity of the symptom [he] has alleged; [he] need only show

4    that it could reasonably have caused some degree of the symptom." *Vasquez v.*

5    *Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

6        Second, "[i]f the claimant meets the first test and there is no evidence of

7    malingering, the ALJ can only reject the claimant's testimony about the severity of

8    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

9    rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

10   citations and quotations omitted). "General findings are insufficient; rather, the ALJ

11   must identify what testimony is not credible and what evidence undermines the

12   claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995); *see*

13   *also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make

14   a credibility determination with findings sufficiently specific to permit the court to

15   conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The

16   clear and convincing [evidence] standard is the most demanding required in Social

17   Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting

18   *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

19       In assessing a claimant's symptom complaints, the ALJ may consider, *inter*

20   *alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the

21   claimant's testimony or between his testimony and his conduct; (3) the claimant's

daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

First, the ALJ found Plaintiff did not received significant treatment. Tr. 454. Medical treatment received to relieve pain or other symptoms is a relevant factor in evaluating pain testimony. 20 C.F.R. § 404.1529(c)(4)(iv)-(v). The ALJ is permitted to consider the claimant's lack of treatment or conservative treatment in evaluating a claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) (finding "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"); *Meanel v. Apfel,* 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received").

The only record of treatment during the relevant period is one visit to Dr. Harma in August 2010. Tr. 278. The ALJ noted that there was no indication of change in Plaintiff's condition from the time of the prior decision in October 2009 until August 2010, when Plaintiff told Dr. Harma that he had been experiencing the usual intermittent severe back pain until two weeks prior, when he had a sudden onset of pain in the right low back with radiation into the right buttock. Tr. 278, 454. Dr. Halma conducted an exam, assessed chronic degenerative joint disease of

the back with acute exacerbation, and prescribed Vicodin and a Medrol Dosepack. Tr. 278, 454.  Dr. Halma recommended an MRI and consideration of neurosurgical treatment; he said he would try to help Plaintiff get disability.  Tr. 278, 454. Thereafter, Plaintiff did not seek treatment until June 2011, when he returned to Dr. Halma for another exacerbation of pain.  Tr. 278.   The ALJ found the length of time between visits to Dr. Halma indicated that Plaintiff's symptoms were less severe than alleged.  Tr. 454.  This could sometimes constitute a valid reason for giving less weight to symptom testimony.

However, the ALJ acknowledged that Plaintiff stated he did not seek treatment due to a lack of healthcare coverage and an inability to afford treatment. Tr. 455.  Indeed, this is documented in the record.  Tr. 278 ("hasn't been able to afford to go to a neurosurgeon") 506-07 (testimony) 906 (canceled appointment with neurosurgeon because he could not afford it).   Under these circumstances, the ALJ improperly found Plaintiff less credible for not seeking or receiving treatment.  *See Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995) ("Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds."); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999) (noting the Ninth Circuit "ha[s] proscribed the rejection of a claimant's complaints for lack of treatment when the record establishes that the claimant could not afford it" (citing omitted)).   Thus, in this case, this is not a clear and convincing reason supported by substantial evidence.

ORDER - 16

Second, the ALJ found the objective evidence is not consistent with the extent of symptoms and limitations alleged.  Tr. 455.  While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ concluded that while the record contains limited evidence during the relevant period, the records before and after the relevant period document modest objective findings limited to tenderness, muscle spasm, and pain with straight leg raises.  Tr. 455.  The ALJ concluded these are not consistent with the symptoms and limitations alleged by Plaintiff, noting no findings of deficits regarding strength, sensation, motor functioning, ambulation, or neurological findings.  Tr. 455.   While the ALJ characterizes the objective findings as "modest," Plaintiff's treating physician gave the uncontradicted opinion that Plaintiff was disabled or had limitations consistent with disability as a result of those findings.  Tr. 278, 292.  A lack of objective evidence cannot be the only reason to discount Plaintiff's testimony.  *See Rollins*, 261 F.3d at 857.  Thus, the ALJ improperly discounted Plaintiff's symptom testimony.

**D.   Medical Opinion Evidence**

Plaintiff argues the ALJ erred in evaluating the opinions of Harlan Halma, M.D.; Kerry H. DeGooyer, D.C.; and Salvador Lopez, PA-C.  ECF No. 10 at 13-19.

ORDER - 17

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted). [3]

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by

---

[3] For claims filed on or after March 27, 2017, the regulations changed the framework for evaluation of medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Plaintiff's claim was filed before March 2017, so the medical evidence is evaluated under the prior regulations.

clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228

(internal quotation marks and brackets omitted). "If a treating or examining doctor's

opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

providing specific and legitimate reasons that are supported by substantial

evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

Under regulations applicable at the time Plaintiff's claim was filed, the

opinion of an acceptable medical source, such as a physician or psychologist, is

given more weight than that of an "other source." 20 C.F.R. § 404.152727 (2012);

*Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources" include

chiropractors, nurse practitioners, physician assistants, therapists, teachers, social

workers, spouses, and other non-medical sources. 20 C.F.R. § 404.1513.913(d)

(2013); *see also* Social Security Ruling 06-03p, 2006 WL 2263437 (effective August

9, 2006) ("other sources" include medical sources who are not "acceptable medical

sources," such as chiropractors). [4] However, the ALJ is required to "consider

observations by non-medical sources as to how an impairment affects a claimant's

ability to work." *Sprague*, 812 F.2d at 1232. Pursuant to *Dodrill v. Shalala*, 12 F.3d

915, 919 (9th Cir. 1993), an ALJ must give reasons germane to "other source"

testimony before discounting it.

   *1.   Harlan Halma, M.D.*

_____

[4] Rescinded by 82 Fed. Reg. 15263-01 (March 27, 2017).

ORDER - 19

1    As noted above, an office visit note from Dr. Halma dated August 23, 2010, is

2    the only record of medical treatment during the relevant period.  Tr. 278.  Plaintiff

3    reported he had been in his state of "usual severe back pain which has been

4    intermittent" until two weeks prior, when he bent over to tie his shoes and had

5    "sudden onset of pain in his back and really has not been able to function since."  Tr.

6    278.  Dr. Halma said he would be willing to help Plaintiff get disability "because at

7    this point he is clearly unable to work."  Tr. 278.  The next treatment record from

8    Dr. Halma is dated June 21, 2011.  Tr. 278.  Plaintiff sought treatment for back pain

9    because "for the last week he has really not been able to do much."  Tr. 278.  He had

10   fallen and hurt his back and it "went out" again.  Tr. 278.

11   In July 2012, Dr. Halma completed a "Medical Report" form indicating

12   diagnoses of chronic degenerative joint disease lumbar spine and L4-L5

13   impingement.  Tr. 290-92.  He indicated that Plaintiff needed to lie down during the

14   day, that work on a regular and continuing basis would cause Plaintiff's condition to

15   deteriorate, that Plaintiff would miss four or more days of work per month, and his

16   exertional level was severely limited, defined as unable to lift at least 2 pounds and

17   unable to stand and/or walk.  Tr. 290-91.  He also opined that Plaintiff's limitations

18   had existed since at least June 2006.  Tr. 292.

19   The ALJ gave little weight to Dr. Halma's opinions.  Tr. 456.  First, he found

20   the opinions are inconsistent with the objective findings in Dr. Halma's records.  Tr.

21   456.  A physician's opinion may be rejected if it is unsupported by treatment notes.

*See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003). The objective findings in Dr. Halma's records include diffuse tenderness across the low back, palpable spasm, and pain with straight leg raise at 70 and 90 degrees, and markedly decreased range of motion in right hip due to pain. Tr. 278, 619. Dr. Halma noted "documented neuroforaminal compromise" with related symptoms. Tr. 619. The ALJ noted there are no findings of decreased strength or sensation, or any focal neurologic deficits or difficulties with ambulation that would support Dr. Halma's conclusion that Plaintiff was unable to stand and/or walk, and there were no findings regarding the upper extremities supporting the inability to lift more than two pounds. Tr. 456. The ALJ concluded that the objective findings are not consistent with the degree of limitations assessed. Tr. 456. However, it is not clear on what basis the ALJ determined that the findings identified by Dr. Halma do not support the limitations assessed. It is improper for an ALJ to act as his own medical expert, substituting his opinion for the opinion of a medical doctor. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *see also Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (As a lay person, an ALJ is "not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion" and is "simply not qualified to interpret raw medical data in functional terms."). There is no medical evidence or contradictory opinion in the record suggesting that Dr. Halma's findings do not support the limitations assessed.

1    More specifically, the ALJ concluded there are no findings consistent with the

2  inability to stand or walk.  Tr. 456.  However, Dr. Halma did not state that Plaintiff

3  could not stand or walk at all.  Indeed, Plaintiff testified that during the relevant

4  period, he could pick up his dog or grandchild and even mow the lawn, but after

5  doing any activity for an hour or so he would need to recline or lie down up to six

6  hours a day due to pain and back spasms.  Tr. 428-30.  Dr. Halma emphasized that

7  the limitations assessed were based on the inability to stand, walk, or lift on "a

8  sustained, competitive basis."  Tr. 291.  This is consistent with Plaintiff's testimony

9  that he needed to lie down during the day after standing, sitting, or exerting himself

10  for more than an hour.  Tr. 290.  The ALJ did not address Dr. Halma's determination

11  that Plaintiff must lie down during the day to relieve pain or acknowledge that the

12  limitations were assessed based on the ability to perform activities on a "sustained,

13  competitive basis."  Tr. 456.  The ALJ's reasoning is not adequately supported and

14  this is not a legitimate reason for giving little weight to Dr. Halma's opinion.

15    Second, the ALJ found the limitations related to absences and the need to

16  recline were based on Plaintiff's subjective pain reports, which the ALJ found less

17  than fully persuasive.  Tr. 456.  A physician's opinion may be rejected if it is based

18  on a claimant's subjective complaints which were properly discounted.  *Tonapetyan*

19  *v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Morgan v. Comm'r of Soc. Sec.*

20  *Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Fair v. Bowen*, 885 F.2d 597, 604 (9th

21  Cir. 1989).  The ALJ's finding regarding Plaintiff's subjective reports was legally

insufficient, as discussed *supra*, so this is not a specific, legitimate reason supported by substantial evidence.

Third, the ALJ found Dr. Halma's opinion was entitled to less weight because he stated that Plaintiff's limitations had existed since at least June 2006, which is before the alleged onset date.  Tr. 456.   It is not entirely clear how this diminishes the weight of Dr. Halma's opinion as the ALJ did not explain the rationale.  The ALJ also noted that Dr. Halma saw Plaintiff only one time during the relevant period, and that was for an exacerbation of symptoms.  Tr. 456.  The ALJ inferred that since Plaintiff did not see Dr. Halma again for nearly a year, his symptoms subsided.  This was not a proper inference, however, because as discussed *supra*, Plaintiff's lack of insurance and inability to pay for services may have interfered with his ability to seek treatment.

Fourth, the ALJ gave no weight to Dr. Halma's opinion that Plaintiff was "clearly unable to work," because the ALJ found it vague, conclusory, unsupported by specific findings.  Tr. 456.  The ALJ is responsible for determining whether a claimant meets the statutory definition of disability, not a physician.  Social Security Ruling 96-5p, 1996 WL 374183 at *5 (July 2, 1996).  A medical source that a claimant is "disabled" or "unable to work" does not require the ALJ to determine the claimant meets the definition of disability.  20 CFR § 404.1527(d)(1).  The ALJ also found it had no probative value in assessing Plaintiff's functional abilities.  Tr. 456.  An ALJ may reject an opinion that does "not show how [the claimant's] symptoms

translate into specific functional deficits which preclude work activity." *Morgan,* 169 F.3d at 601. While the ALJ was justified in rejecting Dr. Halma's conclusion that Plaintiff was "unable to work," it does not diminish Dr. Halma's assessment of functional limitations.

Fifth, the ALJ found that Dr. Halma's opinions are not consistent with the longitudinal treatment records and exam findings and are not well-supported or explained. Factors relevant to evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ's discussion of the longitudinal evidence is a restatement of the objection evidence other reasons already found to be insufficient. This reason is not supported by substantial evidence.

Having concluded the ALJ erred with respect to the credibility finding and Dr. Halma's opinion, the Court need not discuss the other two medical opinions at issue.

**D.    Lay Witness Statements**

Plaintiff contends the ALJ failed to properly assess the lay witness statements of Plaintiff's wife and children. ECF No. 10 at 19-20.

Plaintiff's wife, Patty D., completed a Function Report form in August 2011. Tr. 218-26. She indicated that Plaintiff had chronic back pain daily, that she

ORDER - 24

performed 90 percent of the household chores, and that the pain had been ongoing for the previous four years.  Tr. 226.  She marked boxes indicating the Plaintiff's ability to lift, squat, bend, reach, walk, sit, kneel, climb stairs, and concentrate were impacted by his condition.  Tr. 224.  She stated that he could lift no more than five pounds, walk no more than one block, could seldom bend, squat, or lift, stand no more than 15 minutes, rarely climb stairs, frequently sit, and rarely kneel.  Tr. 224.

In 2020, Ms. D. submitted a written statement indicating that Plaintiff had been unable to work for 12 years due to chronic neck and back pain.  Tr. 610.  She reported that "every day is a struggle for him" and that minor chores could impact him for the rest of the day.  Tr. 610.  Sitting and traveling were difficult, and they missed out on family activities due to pain and discomfort.  Tr. 610.

In 2020, Plaintiff's son Brian D. submitted a statement indicating that Plaintiff's construction career had ended due to chronic pain.  Tr. 609.  He reported that his father struggled with everyday tasks due to pain.  Tr. 609.  He reported observing his father have difficulty tying his shoes and struggling to sit in a seat.  Tr. 609.  Plaintiff's son Kris D. also submitted a statement in 2020 indicating that over the years, he has witnessed his father do less and less.  Tr. 611.  He reported that Plaintiff is "basically stuck in the house most days" and that there are days that he cannot get out of bed.  Tr. 611.

The ALJ noted that the statements of the Plaintiff's family members generally support his allegations, but the ALJ did not give them great weight.  Tr. 457.  The

ALJ found they are not consistent with the overall record of generally modest findings and minimal treatment.  Inconsistency with other medical evidence is a germane reason justifying rejection of lay witness evidence.  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ also found the statement were issues after the date last insured which made them less persuasive regarding Plaintiff's functioning.  While the statements were written after the date last insured, the Function Report was completed by Plaintiff's wife within a year of the relevant period.  Furthermore, Plaintiff's family members made their observations during the relevant period, unlike, the medical professionals who first saw Plaintiff years after the date last insured.

**E.     Remedy**

The Court has discretion to remand a case for additional evidence or to simply to award benefits.  *Sprague*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).

ORDER - 26

Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, we remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2107).  Even where the three prongs have been satisfied, this Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The Court finds that in this case, the credit-as-true factors are satisfied and that remand for the calculation and award of benefits is warranted.  First, the record has been fully developed.  The case involves a closed period so the medical record is complete.  At this late juncture, any additional testimony or medical review would be significantly retrospective.  The evidence of Plaintiff's limitations is established.  The second prong is satisfied because, as discussed *supra*, the ALJ erred by failing to provide adequate reasons for rejecting Plaintiff's testimony about his limitations and the opinion of his treating physician, Dr. Halma.  The third prong of the credit-as-true rule is satisfied because the vocational expert testified that a person with Plaintiff's lifting limitation  or need to rest/be off task could not perform any of the jobs identified.  Tr. 502.

The credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler v. Comm'r of Soc. Sec. Admin*, 775 F.3d 1090, 1100 (9th Cir. 2014) (internal citations omitted).  Plaintiff's application has been pending for more than 10 years.  There have already been three ALJ decisions in this matter, including the 2021 decision at issue here.  The District Court has twice previously remanded for reevaluation of the evidence.   For the third time, the Court has concluded the ALJ's findings are legally insufficient.  Further proceedings would appear to serve no useful purpose. *See Hill*, 698 F.3d at 1162 (noting a Court may exercise its discretion to remand a case for an award of benefits "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.") (internal citations and quotations omitted).  In this case, the record does not raise serious doubt that Plaintiff's back condition precluded significant work activity during the relevant period.

The Court therefore reverses and remands to the ALJ for the calculation and award of benefits.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for immediate calculation and award of benefits consistent with the findings of this Court.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** September 12, 2023.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 29